**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| SANDRA ANN PROCTOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07-5061-CV-SW-DW-SSA |
| MICHAEL J. ASTRUE, Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Sandra Ann Proctor seeks judicial review on a final decision of Defendant Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and for supplemental security income (SSI) benefits.

Since the complete facts and arguments are presented in parties' briefs, they will be discussed herein only as necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Craig v. Apfel, 212 F.3d 433, 435 (8th Cir. 2000)

The review is more than an examination of the record for the existence of substantial

evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir.

1999). The Court also considers whatever in the record fairly detracts from its weight. Id.

Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must

be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th

Cir. 1999). Determinations of credibility by the ALJ are granted deference so long as they are

supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th

Cir. 2003).

Consequently, an administrative decision is not subject to reversal simply because some

evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th

Cir. 1997). If the Court finds two inconsistent positions present in the evidence, including one

matching the Commissioner's findings, the Court must affirm the decision of the Commissioner.

Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

ALJ's Credibility Finding

Plaintiff first argues that the ALJ's credibility finding as to Plaintiff's testimony was

improper. Plaintiff specifically contends that the ALJ improperly considered Plaintiff's daily

activities and incorrectly found that Plaintiff's complaints of debilitating pain were contradicted

by the medical records. Although an ALJ may not disregard a claimant's subjective complaints of

pain merely because the medical evidence is inconsistent with the claimant's description of the

extent and severity of his pain, the ALJ may discount these complaints if there are

inconsistencies in the evidence as a whole. Jones v. Callahan, 122 F.3d 1148, 1151 (8th Cir.

1997).

In addition to properly basing his finding on the record as a whole, the ALJ correctly

considered Plaintiff's daily activities. See Dukes v. Barnhart, 436 F. 3d 923, 928 (8th Cir. 2006).

An ALJ may consider a claimant's daily activities, and whether they contradict her testimony, in analyzing credibility. See 20 C.F.R. § 404.1529(c)(3)(i); Roe v. Chater, 92 F.3d 672, 677 (8th Cir.1996). In so finding, the ALJ supported his analysis with reference to Plaintiff's testimony that she attended her sons' sporting events at the local YMCA and would go to lunch and water aerobics with a local support group. The ALJ also properly noted that the medical records contradicted Plaintiff's complaints of pain, specifically the findings of recent X-Rays and MRIs. As such, this Court hereby finds that the ALJ properly discredited Plaintiff's credibility. See Pearsall v Massanari, 274 F. 3d 1211, 1218 (8th Cir. 2001).

ALJ's Residual Functional Capacity Finding

As to the ALJ's Residual Funcational Capacity ("RFC") finding, Plaintiff first argues that the ALJ adopted an RFC not supported by substantial evidence since it relied upon an incorrect determination as to Plaintiff's mental limitations. Here, the ALJ found that Plaintiff's social activities and lack of medical evidence lead to a finding that Plaintiff's mental impairments are not severe. Jones v. Callahan 122 F.3d 1148, 1153 (8th Cir. 1997). As stated by the ALJ, Plaintiff has not sought any treatment by a mental care professional[1] nor has it impaired her ability to socialize at sports events or support groups. Given that the ALJ properly complied with the process for evaluating mental impairments as described in the applicable regulations, 20 C.F.R. § 404.1520a (1997), the RFC is supported by substantial evidence as to that finding.

Plaintiff also argues that the RFC is not supported by substantial evidence since the ALJ gave improper weight to the opinions of non-examining physicians over Plaintiff's treating physician, Dr. Ellefsen.

---

[1]While Plaintiff is correct that counseling was recommended, there is no evidence that she ever followed through with counseling or therapy.

"A treating physician's opinion is given controlling weight 'if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.'" House v. Astrue, 500 F.3d 741, 744 (8th Cir. 2007). While the ALJ here did give some weight to Dr. Ellefsen's opinion, in that he adopted some of his findings, he did not give controlling weight to the opinion, particularly the finding that Plaintiff could only sit, stand or walk for four hours a day. The ALJ discounted this evidence based on numerous items, including the fact that Dr. Ellefsen had not treated Plaintiff since June 2005 and that it was contradictory to Dr. Miller's findings that Plaintiff was receiving "good results."[2] See Tr. 323 and 329. Given the above, the Court finds that the ALJ gave the proper weight to the treating physician's opinion.

After careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

Dated:   April 24, 2008        .                        /s/ Dean Whipple
                                                      **DEAN WHIPPLE**
                                          **UNITED STATES DISTRICT JUDGE**

---

[2] While the ALJ's opinion uses the term good relief, the Court notes that this is a typographical error and is without effect.